IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

UNITED STATES OF AMERICA,
LOUISIANA DEPARTMENT OF
ENVIRONMENTAL QUALITY AND
STATE OF WISCONSIN,

                                                                                OPINION AND ORDER

             Plaintiffs,

                                                                                  10-cv-563-bbc

   v.

SUPERIOR REFINING COMPANY LLC AND
VALERO REFINING – MERAUX LLC,

             Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

The United States, the State of Wisconsin, the Louisiana Department of Environmental Quality and two oil refineries located in Superior, Wisconsin and Meroux, Louisiana are parties to a consent decree entered by this court in February 2011. Dkt. #9. The consent decree imposes civil penalties and injunctive relief under the Clean Air Act against the two oil refineries. The consent decree has been amended twice, in May 2012 and May 2019. Now the state has notified the court that the parties have negotiated a third amendment to the consent decree to account for a 2018 explosion and fire at the refinery in Superior, Wisconsin, which damaged equipment subject to the consent decree and caused substantial emissions. Dkt. #28. The parties have not yet submitted the proposed amendment to the court, however, because the state's attorney general office wants guidance from the court about whether it must first obtain approval from the Wisconsin legislature

1

before filing the amended consent decree. In particular, the attorney general seeks a declaration that a new Wisconsin law, Wis. Stat. § 165.08(1), does not apply to situations in which the state is agreeing to amend a consent decree already in place.

As explained below, the state attorney general has failed to show that it would be appropriate for the court to issue a declaration interpreting a state statute under the circumstances of this case. Accordingly, I will decline to enter the requested order. The parties may submit their amended consent decree for court approval.

OPINION

In December 2018, the Wisconsin legislature passed a law requiring the Wisconsin Department of Justice to obtain legislative consent before settling certain civil actions. The statute provides:

> Any civil action prosecuted by the department by direction of any officer, department, board, or commission, or any civil action prosecuted by the department on the initiative of the attorney general, or at the request of any individual may be compromised or discontinued with the approval of an intervenor under s. 803.09 (2m) or, if there is no intervenor, by submission of a proposed plan to the joint committee on finance for the approval of the committee. The compromise or discontinuance may occur only if the joint committee on finance approves the proposed plan. No proposed plan may be submitted to the joint committee on finance if the plan concedes the unconstitutionality or other invalidity of a statute, facially or as applied, or concedes that a statute violates or is preempted by federal law, without the approval of the joint committee on legislative organization.

Wis. Stat. § 165.08(1). In short, the Department of Justice cannot settle certain civil cases unless (1) the legislature intervenes and approves the settlement, or (2) the department obtains approval from the joint committee on finance.

In this instance, the Wisconsin Department of Justice, the United States and the oil refineries wish to proceed with the amended consent decree. However, the state attorney general is concerned about the potential application of § 165.08(1). The legislature has not intervened in this case, and the joint committee on finance has not approved the amended consent degree. (The Department of Justice submitted the amended consent decree to the committee, but the committee has declined to hold a hearing on it.) The state attorney general is concerned that if the court enters the amended consent decree, the legislature could later decide that the consent decree is invalid under § 165.08(1) because it was entered without legislative approval. Thus, the state attorney general seeks a ruling from this court that § 165.08(1) does not apply to this case and that the Department of Justice has the authority to enter the amended consent decree on the state's behalf without approval from the joint committee on finance. The state attorney general contends that the most reasonable and common sense way to interpret the statute is to conclude that it does not apply to cases that are already subject to consent decrees. Although I understand the state attorney general's concerns, I am not persuaded that it would be appropriate for a federal court to issue a declaration interpreting a new state statute under these circumstances.

First, the attorney general has not shown that there is a substantial case or controversy that is ripe for adjudication regarding the application of § 165.08(1) to this case. Federal courts do not have jurisdictional authority to render advisory opinions. <u>Wisconsin's Envtl. Decade, Inc. v. State Bar of Wisconsin,</u> 747 F.2d 407, 410 (7th Cir. 1984). In determining whether the dispute is ripe, the question is whether "there is a substantial

controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." Id. In this instance, the attorney general is not seeking a declaration of rights or liabilities. The proposed declaration is limited to statutory interpretation of state law. However, this court does not generally need to interpret state laws, or even decide whether the state has complied with its own procedural rules, to approve an amended consent decree.

The attorney general says that the joint committee on finance might later decide to challenge the consent decree if it is amended without the committee's approval. But the attorney general's position appears to be entirely speculative. The attorney general has not submitted any evidence showing that the joint committee on finance has interpreted § 165.08(1) as applying to cases such as this, in which a consent decree has been in place for nearly a decade. Nor has the attorney general shown that it is likely that the committee would take action to interfere with a consent decree approved by a federal court. Thus, the attorney general appears to be requesting an advisory opinion on a dispute that has not ripened into a substantial case or controversy.

Second, the state attorney general has failed to cite legal authority that would support issuance of the requested declaration. The state attorney general contends that the court has authority to enter the proposed declaration under the All Writs Act, which allows federal courts to "issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651. The All Writs Act has been interpreted to empower a federal court "to issue such commands . . . as may be

necessary or appropriate to effectuate and prevent the frustration of orders it has previously issued in its exercise of jurisdiction otherwise obtained." United States v. New York Telephone Co., 434 U.S. 159, 172, 98 (1977). This power "extends, under appropriate circumstances, to persons who, though not parties to the original action or engaged in wrongdoing, are in a position to frustrate the implementation of a court order or the proper administration of justice, and encompasses even those who have not taken any affirmative action to hinder justice." Id. at 174. The Department of Justice also relies on a court's inherent power to manage its cases and protect its judgments. Goodyear Tire & Rubber Co. v. Haeger, 137 S. Ct. 1178, 1186 (2017) ("Federal courts possess certain 'inherent powers,' not conferred by rule or statute, 'to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.'") (citations omitted); Degen v. United States, 517 U.S. 820, 823 (1996) ("Courts invested with the judicial power of the United States have certain inherent authority to protect their proceedings and judgments in the course of discharging their traditional responsibilities.").

However, neither the All Writs Act nor this court's inherent authority allow the court to fix the jurisdictional problem presented by the attorney general's request. In the cases cited by the attorney general, federal courts relied on the All Writs Act to issue orders necessary to address immediate problems that could undermine or interfere with the courts' previous orders. In New York Telephone Co., 434 U.S. at 171-74, the Supreme Court upheld a district court's order under the All Writs Act requiring a telephone company to provide to federal law enforcement officials the technical assistance necessary to implement

5

a previous court order. In In re Factor VIII or IX Concentrate Blood Products Litigation, 159 F.3d 1016, 1018-20 (7th Cir. 1998), the Court of Appeals for the Seventh Circuit affirmed a district court's injunction under the All Writs Act prohibiting class action lawyers from attempting to enforce contingent-fee contracts that were contrary to a consent decree that the district court had entered. And in Yonkers Racing Corp. v. City of Yonkers, 858 F.2d 855, 864 (2d Cir. 1988), the Court of Appeals for the Second Circuit affirmed a district court's removal of a state court proceeding that would have frustrated a consent decree entered previously by the district court.

The procedural posture of these cases is different from the posture of this case. The federal courts in New York Telephone Co., In re Factor VIII and Yonkers Racing Corp. invoked the All Writs Act to protect prior orders or consent decrees from being frustrated by obvious, immediate and substantial inference from outside action or inaction. The courts did not issue declarations or injunctions simply because one party was concerned about possible inference with a future court order, as the attorney general is here, but as a necessary part of insuring the integrity and implementation of prior orders.

Finally, in addition to concerns about jurisdiction and justiciability, prudential concerns counsel against entering the proposed judgment. The state attorney general asks the court to adopt the Department of Justice's interpretation of Wis. Stat. § 165.08(1), but the attorney general's interpretation is the only one that has been presented to the court. As discussed above, it is not clear whether the legislature disagrees with the attorney general's interpretation of the statute as applied in this case. I decline to enter a declaration

constructing a state statute without hearing from both of the entities that would be most affected by the interpretation.

For these reasons, I will deny the state attorney general's request for a declaration interpreting Wis. Stat. § 165.08(1). The parties to this action may still submit the amended consent decree for court approval, without a declaration.

ORDER

IT IS ORDERED that the State of Wisconsin's motion for a declaration interpreting Wis. Stat. § 165.08(1), dkt. #28, is DENIED.

Entered this 20th day of December, 2019.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge