IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| UNITED STATES OF AMERICA, the LOUISIANA DEPARTMENT OF ENVIRONMENTAL QUALITY and the STATE OF WISCONSIN,<br><br>Plaintiffs,<br><br>v.<br><br>SUPERIOR REFINING COMPANY LLC and VALERO REFINING – MERAUX LLC,<br><br>Defendant. | CIVIL ACTION NO. 3:10-cv-00563-bbc |

**FOURTH AMENDMENT TO CONSENT DECREE**

WHEREAS, the United States of America (hereinafter "the United States"); the State of Wisconsin; and Superior Refining Company LLC (hereinafter "Superior Refining") are parties to a Consent Decree addressing Clean Air Act violations at, *inter alia*, Superior Refining's petroleum refinery located in Superior, Wisconsin;

WHEREAS, following an explosion and fire at the Superior Refinery on April 26, 2018, the United States, Wisconsin, and Superior Refining entered into an agreement for the implementation of projects to mitigate its environmental impacts, as well as for certain safety-focused enhancements to the refinery's Hydrofluoric Acid Alkylation Unit (the "HF Unit"), which was approved by the Court on May 24, 2020 (the "Third Amendment");

WHEREAS, one of the enhancements to the HF Unit was an upgrade to the HF Unit's water mitigation system. A water mitigation system is intended to prevent or minimize the airborne transport of HF in the event of a release of HF gases or vapors into the air. The Third

Amendment specified that the refinery's existing "fixed spray curtain" (a series of water nozzles that are fixed in place around the HF tank) should be upgraded to include "remotely operated water cannons" (in which water can be directed to focus on the source a leak and is more effective on larger leaks than a fixed spray curtain);

WHEREAS, the Third Amendment also required Superior Refining retain a qualified, third-party consultant with knowledge in refinery processes and operations relevant to the HF Unit to assist Superior Refining's design and implementation of the HF upgrades required by the Amendment. With respect to the water mitigation system, the consultant's analysis and recommendation was to install seven high-volume elevated water cannons and to remove the existing fixed spray curtain, which because of its placement would interfere with the effectiveness of the water cannons;

WHEREAS, representatives from Wisconsin and EPA thereafter met with the consultant to discuss and further evaluate the consultant's analysis and recommendation. Based on the discussion and review, EPA concluded that the recommended design is at least as protective as the Third Amendment's specifications for water mitigation and that the fixed spray curtain is not necessary;

WHEREAS, the United States, the State of Wisconsin, and Superior Refining have therefore agreed to make a minor technical modification to the Third Amendment to remove the reference to a fixed spray curtain;

WHEREAS, Paragraph 284 provides that the Consent Decree may only be modified by a written agreement signed by the applicable parties and filed with the Court, but that non-material modifications need not be approved by the Court. The changes made by this Fourth Amendment

are considered non-material because the level of protectiveness of the water mitigation system is unaffected; and

WHEREAS, while no action is required by the Court, the parties file this modification to the Consent Decree in order to maintain a complete record of the Consent Decree and all modifications thereto.

NOW THEREFORE, the United States, the State of Wisconsin, and Superior Refining hereby agree that Paragraph 6 of Appendix C of the Third Amendment ("Water Mitigation System") is modified as follows:

"6.     <u>Water Mitigation System</u>.  Superior Refining shall maintain a water mitigation system to prevent or minimize the airborne transport of HF in the event of an atmospheric release of HF gases or vapors.  The water mitigation system, comprised of existing and any upgraded/new equipment, shall include the following operational, engineering, and design elements:

    a.     Remotely-operated water cannons and monitors to provide adequate coverage of the HF Unit;

    b.     Additional remotely-operated water cannons installed in multiple locations in the HF Unit to mitigate a potential accidental release of HF, including the HF loading/unloading area;

    c.     Deluge systems in high risk areas, as appropriate;

    d.     Sufficient water capacity and flowrate to allow for simultaneous operation of the water mitigation system for an appropriate period of time;

    e.     Be capable of being remotely activated from both the HF Unit Control Room and from the field; and

    f.  Provide a ratio of water to HF of at least 40 to 1 on a volume-to-volume basis."

WE HEREBY CONSENT to this Fourth Amendment to Consent Decree in the matter of *United States, et al., v. Superior Refining Co. LLC, et al.*, No. 3:10-cv-00563-bbc (W.D. Wis.)

        **FOR PLAINTIFF THE UNITED STATES OF AMERICA:**

        NATHANIEL DOUGLAS
        Deputy Chief
        Environmental Enforcement Section
        Environment and Natural Resources Division
        United States Department of Justice
        Washington, D.C.

November 18, 2020        /s/ John Fogarty
DATE        JOHN FOGARTY
        Special Appointment as a Department of Justice Attorney
        Environmental Enforcement Section
        Environment and Natural Resources Division
        U.S. Department of Justice
        P.O. Box 7611
        Washington, D.C.  20044-7611

        SCOTT C. BLADER
        United States Attorney
        Western District of Wisconsin

        By:

December 1, 2020        */s/ Leslie K. Herje*
DATE        LESLIE K. HERJE
        Assistant United States Attorney
        222 West Washington Avenue, Suite 700
        Madison, WI  53703

WE HEREBY CONSENT to this Fourth Amendment to Consent Decree in the matter of *United States, et al., v. Superior Refining Co. LLC, et al.*, No. 3:10-cv-00563-bbc (W.D. Wis.)

                                            **FOR PLAINTIFF THE UNITED STATES ENVIRONMENTAL PROTECTION AGENCY:**

November 20, 2020
DATE

*/s/ Rosemarie Kelley*
ROSEMARIE A. KELLEY
Director
Office of Civil Enforcement
Office Enforcement and Compliance Assurance
U.S. Environmental Protection Agency
Washington, D.C. 20460

WE HEREBY CONSENT to this Fourth Amendment to Consent Decree in the matter of *United States, et al., v. Superior Refining Co. LLC, et al.*, No. 3:10-cv-00563-bbc (W.D. Wis.)

**FOR PLAINTIFF THE STATE OF WISCONSIN:**

JOSHUA L. KAUL
Attorney General of Wisconsin

By:

| | |
|---|---|
| November 17, 2020 | /s/ Bradley J. Motl |
| DATE | BRADLEY J. MOTL |
| | Assistant Attorney General |
| | Department of Justice |
| | 17 West Main Street |
| | Post Office Box 7857 |
| | Madison, Wisconsin 53707-7857 |

WE HEREBY CONSENT to this Fourth Amendment to Consent Decree in the matter of *United States, et al., v. Superior Refining Co. LLC, et al.*, No. 3:10-cv-00563-bbc (W.D. Wis.)

          **FOR DEFENDANT SUPERIOR REFINING COMPANY LLC:**

11-17-2020
DATE

JEROME MILLER
Vice President
Superior Refining Company LLC